# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Aaniyah Clay,<br><br>                    Plaintiff,<br><br>   v.<br><br>Afni, Inc.,<br><br>                    Defendant. | Case No. 2:25-cv-01191-RFB-DJA<br><br>**Order** |

  Pro se Plaintiff Aaniyah Clay filed an application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee). (ECF No. 1). However, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court thus denies Plaintiff's application with leave to re-file.

**I.**  **Discussion.**

  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

  The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff's application is largely complete with the exception of two issues. First, the Court cannot determine her monthly income from her response to question 2. Plaintiff provides that her gross pay or wages are $400.00 and her take home pay or wages are $300.00 and that she is paid "biweekly." Unfortunately, biweekly can mean occurring twice in one week *or* occurring once every two weeks. *See On 'Biweekly' and 'Bimonthly'*, Merriam-Webster, https://www.merriam-webster.com/grammar/on-biweekly-and-bimonthly (last visited Sept. 5, 2025). So, it is not entirely clear whether Plaintiff means that she takes home $300.00 twice per week (totaling $2,400.00 in take home pay per month) or $300.00 twice per month (totaling $600.00 in take home pay per month).

Second, Plaintiff asserts that question 5—which asks her to list any automobile or other item of value she owns—does not apply to her. But in response to question six, Plaintiff asserts that she makes a monthly car payment. So, it would appear that she does own an automobile but did not list it in response to question 5.

Because the Court cannot determine which pay frequency Plaintiff means, and because Plaintiff appears to have omitted her automobile from question 5, the Court will deny her application with leave for her to re-file it. In any re-filed application, Plaintiff must clarify whether she is paid twice per week or twice per month. Plaintiff may also not respond with an "N/A" to any question without providing an explanation and must explain whether she owns an

automobile.  Plaintiff may alternatively pay the filing fee in full.  Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice and with leave to refile.**

**IT IS FURTHER ORDERED** that Plaintiff has until **October 6, 2025,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: September 5, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.