# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Aaniyah Clay, | Case No. 2:25-cv-01191-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Afni, Inc., | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 4). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis.* The Court screens Plaintiff's complaint and allows all of her claims but one to proceed.

## I.    *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 4). Plaintiff's income barely exceeds her expenses. So, the Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II.    Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

Plaintiff sues Afni, Inc. for its calls to her in an effort to collect a debt, which calls Plaintiff asserts violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Telephone Consumer Protection Act, 47 U.S.C. § 227. Plaintiff claims that Afni is a debt collection agency. Plaintiff asserts that it called her multiple times between March 6, 2025, and June 6, 2025, related to a debt arising out of a car accident. During one March 2025 call, Plaintiff alleges that the Afni representative misrepresented that Afni was a subrogation company that files claims and collects money on behalf of an insurance company, when really, Afni is a debt collection agency. Plaintiff also claims that the representative threatened that, if Plaintiff did not pay the debt, her driver's license could be affected, even though Afni has no power to impact Plaintiff's driver's license. On that call, Plaintiff asked Afni to stop calling her. After that call, on March 14, 2025, Plaintiff initiated a complaint against Afni through the Consumer Financial Protection Bureau, asking that Afni cease all communication with her except to send validation of the debt. On or around March 16, 2025, Plaintiff sent Afni a written notice asking it to cease all communication with her and stating that she refused to pay the debt. Despite those requests, Afni continued to call Plaintiff until June. Plaintiff brings nine causes of action.

**A.    Count 1.**

Plaintiff alleges that Afni violated the FDCPA, 15 U.S.C. § 1692d(5) by causing her telephone to ring with the intent to annoy, abuse, or harass her. Plaintiff asserts that, as a result, Afni is liable under 15 U.S.C. § 1692k(a). Under 15 U.S.C. § 1692d(5), "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" is a violation of that statute. Under 15 U.S.C. § 1692k(a), a debt collector who "fails to comply with any provision of [15 U.S.C.

§ 1692a - § 1692p] is liable" for actual damages; additional damages not exceeding $1,000.00; and in the case of any successful action, the costs of the action, together with a reasonable attorney's fees. Plaintiff has alleged a colorable claim in count 1.

**B.      Count 2.**

Plaintiff alleges that Afni violated the FDCPA, 15 U.S.C. § 1692e(5) when its representative threatened to affect Plaintiff's driver's license despite not having the authority to do so. Plaintiff asserts that, as a result, Afni is liable under 15 U.S.C. § 1692k(a). Under 15 U.S.C. § 1692e(5), a debt collector may not use any false, deceptive, or misleading representation, including the threat to take any action that legally cannot be taken or that is not intended to be taken, in connection with the collection of a debt. Plaintiff has alleged a colorable claim in count 2.

**C.      Count 3.**

Plaintiff alleges that Afni violated the FDCPA, 15 U.S.C. § 1692e(5) by stating that it was a subrogation company representing an insurance company and was authorized to file claims and accept payments for outstanding balances, when really, Afni is a debt collection agency. Plaintiff asserts that, as a result, Afni is liable under 15 U.S.C. § 1692k(a). Plaintiff has alleged a colorable claim in count 3.

**D.      Count 4.**

Plaintiff alleges that Afni violated the FDCPA, 15 U.S.C. § 1692e(5) by failing to disclose, as required by 12 C.F.R. § 1006.18(e)(1), that it is a debt collector and that any information obtained would be used for that purpose. Plaintiff asserts that, as a result, Afni is liable under 15 U.S.C. § 1692k(a). Under 12 C.F.R. § 1006.18(e)(1), a "debt collector must disclose in its initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Plaintiff's claim arises under 15 U.S.C. § 1692e(11), rather than 15 U.S.C. § 1692e(5) as she alleges, because § 1692e(11) provides that the failure to make the disclosures required by 12 C.F.R. § 1006.18(e)(1) is a violation. The Court therefore liberally construes Plaintiff's claim in count 4 as arising under 15 U.S.C. § 1692e(11) and finds that Plaintiff has alleged a colorable claim.

### E.   Count 5.

Plaintiff alleges that Afni violated the FDCPA, 15 U.S.C. § 1692f(6) by threatening to affect her driver's license despite not having the authority to do so.  Plaintiff asserts that, as a result, Afni is liable under 15 U.S.C. § 1692k(a).  Under 15 U.S.C. § 1692f(6), a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt," which unfair and unconscionable means include "[t]aking or threatening to take any nonjudicial action to effect disposition or disablement of property" if there is no right to possession as claimed, there is no intention to take possession of the property, or the property is exempt by law.  Plaintiff has alleged a colorable claim in count 5.

### F.   Count 6.

Plaintiff alleges that Afni violated the FDCPA, 15 U.S.C. § 1692g because it did not send her a written notice of the debt within five days of its initial communication with her or even after Plaintiff requested it.  Instead, the Afni representative told Plaintiff that she had to contact the insurance company.  Plaintiff asserts that, as a result, Afni is liable under 15 U.S.C. § 1692k(a).  Under 15 U.S.C. § 1692g(a), "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall…send the consumer a written notice containing" certain information about the debt.  Plaintiff has alleged a colorable claim in count 6.

### G.   Count 7.

Plaintiff alleges that Afni violated the FDCPA, 15 U.S.C. § 1692c by failing to cease communication with her after Plaintiff sent Afni notice in writing that she refused to pay the debt.  Plaintiff asserts that, as a result, Afni is liable under 15 U.S.C. § 1692k(a).  Under 15 U.S.C. § 1692c(c), if "a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," subject to certain exceptions.  Plaintiff has alleged a colorable claim in count 7.

***H.    Count 8.***

Plaintiff alleges that Afni intruded on her solitude, seclusion, and private affairs by accessing Plaintiff's insurance information containing private, non-public information without lawful authority to do so and without any prior business dealings or contracts with Plaintiff. Plaintiff alleges that the intrusions into her private information has caused her mental distress. Plaintiff asserts that Afni acted with malice and so, Plaintiff is entitled to exemplary damages under Nevada Revised Statute § 42.005.  To bring a claim for invasion of privacy based on intrusion upon seclusion in Nevada, a plaintiff must show: (1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable person.  *PETA v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (1995), *overruled on other grounds by City of Las Vegas Downtown Redev. Agency v. Hecht*, 940 P.2d 134, 138 (1997).  Under Nevada Revised Statute § 42.005, in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant.  The Court finds that Plaintiff has alleged a colorable claim for intrusion upon seclusion because she has alleged that Afni intruded on her insurance information, in which information she had an expectation of privacy given the fact that she had no relationship with Afni, and that the intrusion was highly offensive.  The Court does not opine on the issue of whether Plaintiff has shown that she is entitled to exemplary damages under Nevada Revised Statute § 42.005 because, at the screening stage the Court is only deciding whether Plaintiff has alleged a colorable claim, not whether she has proven that claim.

***I.    Count 9.***

Plaintiff alleges that Afni violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) by calling her with an automatic dialing system and by using a prerecorded voice without prior consent and violated § 227(b)(1)(A)(i) by making calls to Plaintiff that were not placed for emergency purposes.  Plaintiff asserts that she believes Afni uses an automatic dialing system because there were several seconds of "dead air" without a human response when she answered the call.

Plaintiff asserts that, as a result of each phone call made in violation of the TCPA, Plaintiff is entitled to damages under 47 U.S.C. § 227(b)(3).  Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for a person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice "to any telephone number assigned to a…cellular telephone service…" Plaintiff has alleged a colorable claim for violation of 47 U.S.C. § 227(b)(1)(A)(iii) because she alleges that Afni used an automatic telephone dialing system to call her cell phone.  Plaintiff has not, however, alleged a colorable claim for violation of 47 U.S.C. § 227(b)(1)(A)(i) because that provision makes it unlawful to make a call using an automatic telephone dialing system or artificial or prerecorded voice to "any emergency telephone line (including any '911' line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency)."  Plaintiff alleges no facts that Afni violated this provision, so it is dismissed without prejudice.  Plaintiff has therefore alleged a colorable claim for violation of 47 U.S.C. § 227(b)(1)(A)(iii) under count 9.

## **ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket and issue summons to Afni, Inc.

**IT IS FURTHER ORDERED** that Plaintiff's claim for violation of 47 U.S.C. § 227(b)(1)(A)(i) is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff may proceed on the remainder of her claims.

**IT IS FURTHER ORDERED** that Plaintiff may rely on the United States Marshal's Service ("USMS") for service.  Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS: (1) a copy of this order; (2) a copy of the complaint; and (3) a copy of the summons.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff: (1) a copy of this order; and (2) a copy of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff must complete the Form USM-285 for Afni, Inc. and must send the completed form to the USMS on or before **March 9, 2026**.

**IT IS FURTHER ORDERED** that, upon receipt of the summons, complaint, this order, and Plaintiff's Form USM-285, the USMS shall attempt service on Defendant.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served.  If Plaintiff wishes to have service again attempted on Defendant, Plaintiff must file a motion with the Court identifying Defendant and specifying a more detailed name and/or address for Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 7, 2026,** to accomplish service.  Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon defendant(s), or if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by

a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED: February 6, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE